UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARK ANTHONY INTERNATIONAL SRL,
MARK ANTHONY BRANDS
INTERNATIONAL UNLIMITED
COMPANY, and MAS+ NEXT
GENERATION BEVERAGE CO.,

                        Plaintiffs,

              -v-

PRIME HYDRATION, LLC,

                        Defendant.

---

PRIME HYDRATION, LLC,

                        Counterclaimant and
                        Crossclaimant,

             -v-

MARK ANTHONY INTERNATIONAL SRL,
MARK ANTHONY BRANDS
INTERNATIONAL UNLIMITED
COMPANY, and MAS+ NEXT
GENERATION BEVERAGE CO.,

                        Counterclaim Defendants,

LIONEL MESSI,

                        Crossclaim Defendant.

24 Civ. 7620 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

On March 3, 2025, defendant Prime Hydration, LLC ("Prime") moved to compel production of certain documents by plaintiffs Mark Anthony International SRL, Mark Anthony Brands International Unlimited Company, and Mas+ Next Generation Beverage Co.

(collectively, "Mark Anthony"). *See* Dkt. 52. On March 6, 2025, Mark Anthony filed an opposition. Dkt. 55.

Specifically, Prime seeks documents related to a consumer survey commissioned by Mark Anthony before filing this action, on which multiple allegations in Mark Anthony's Complaint are based. *Compare* Dkt. 52-1 at 3, 4 (requests for production 3 and 4), *with* Dkt. 1 ¶¶ 60, 61 (Complaint filed Oct. 8, 2024). Mark Anthony does not dispute that these materials are discoverable by Prime. *See* Dkt. 55 at 1 ("Mark Anthony has already agreed to produce such materials . . . ."). Rather, Mark Anthony quarrels with *the timing* of Prime's request: Mark Anthony argues that it need not produce these documents until the deadline for fact discovery deadline set by the Court's Case Management Plan has passed, because the consumer survey was conducted by a "survey expert." *Id.*

Mark Anthony's argument misconstrues the Case Management Plan. *See* Dkt. 42. It merely sets an end date for fact discovery, May 8, 2025, and a later end date for expert discovery, August 6, 2025. *Id.* at 1–2. The Case Management Plan does not state that expert discovery may not begin during the period of fact discovery, which began on January 13, 2025. And it does not entitle Mark Anthony to withhold disclosed and discoverable survey-related materials until after the end date for fact discovery. That the deadline for completion of expert discovery is set for after the close of fact discovery merely reflects the litigation reality that documents exchanged in fact discovery often are necessary inputs for the reports to be prepared by expert witnesses. But that is not true of the consumer survey. As Mark Anthony acknowledges, it was completed before fact discovery began—indeed, before Mark Anthony filed the Complaint. *See* Dkt. 55 at 1 ("[I]n anticipation of litigation, Mark Anthony engaged a survey expert through counsel to conduct a likelihood of confusion survey (the "Survey"). Mark

2

Anthony's expert designed and conducted the Survey and then analyzed the results from that Survey."). As Mark Anthony further acknowledges, it attempted to use the Survey offensively, prior to the filing of the Complaint, to attempt to dissuade Prime from pursuing Lanham Act claims against it. *See* Compl. ¶¶ 60, 61.

The Court therefore rejects Mark Anthony's bid to block discovery of the survey-related documents on the basis of the case management plan, *see* Dkt. 52-1 at 3, 4. Such documents are timely discovered now, subject, of course, to document-specific objections, if any, that may be lodged.[1] *See* Fed. R. Civ. P. 26(a)(2)(D) (requiring production of expert discovery "at the time and in the sequence that the court orders").

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: March 7, 2025
      New York, New York

---

[1] To the extent that Mark Anthony claims that some of these documents reflect privileged communications of Mark Anthony's, *see* Dkt. 55 at 3, Mark Anthony is to promptly provide Prime with a privilege log enumerating such.