UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARK ANTHONY INTERNATIONAL SRL,
MARK ANTHONY BRANDS
INTERNATIONAL UNLIMITED
COMPANY, *and* MAS+ NEXT
GENERATION BEVERAGE CO.,

                            Plaintiffs,

                -v-

PRIME HYDRATION, LLC,

                            Defendant.

---

PRIME HYDRATION, LLC,

                            Counterclaimant

              -v-

MARK ANTHONY INTERNATIONAL SRL,
MARK ANTHONY BRANDS
INTERNATIONAL UNLIMITED
COMPANY, MAS+ NEXT
GENERATION BEVERAGE CO., LIONEL MESSI,
BOLVIR, LLC, *and* LMGM, SLU,

                        Counterclaim Defendants.

24 Civ. 7620 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

      This order resolves a discovery dispute relating to a bid to take the deposition of counterclaim defendant and global soccer icon Lionel Messi. On July 14, 2025, Messi moved for a protective order to block the deposition of him that had been noticed for July 28, 2025, by counterclaimant Prime Hydration, LLC ("Prime"). Dkt. 73 ("Messi Br."). On July 17, 2025,

Prime filed an opposition. Dkt. 79 ("Prime Op."). On July 18, 2025, Messi replied. Dkt. 83 ("Messi Reply").

As background, this Lanham Act action concerns competing "sports hydration drinks" marketed by two beverages companies, Mark Anthony International SRL ("Mark Anthony") and Prime. In June 2024, Mark Anthony, in collaboration with Messi, launched the sports drink MÁS+ BY MESSI ("MÁS"). Prime makes a competing drink. On October 8, 2024, Mark Anthony sued Prime. Mark Anthony seeks, *inter alia*, a declaration that MÁS does not infringe on (1) Prime's trade dress, *see* 15 U.S.C. § 1125(a), (c) or (2) Prime's trademarks, *see id.* § 1125(a), (c). Dkt. 1 (Complaint). Prime thereafter brought what are effectively mirror-image counterclaims against Mark Anthony, for infringement of trade dress and trademark. Dkt. 60 (First Amended Counterclaims). Prime also brought a claim against Messi for contributing to Mark Anthony's alleged trademark infringement. *See* 15 U.S.C. § 1125(a). On January 13, 2025, the Court held an initial pretrial conference and put in place a case management plan, under which fact discovery is scheduled to end on September 12, 2025. Dkt. 69 at 3.

Under Federal Rule of Civil Procedure 26, the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(D). "The party seeking the protective order carries the burden to show that good cause exists for issuance of the order." *Capri Sun GmbH v. Am. Beverage Corp.*, 414 F. Supp. 3d 414, 424 (S.D.N.Y. 2019). Ultimately, "the grant or denial of a protective order lies within the sound discretion of the district court." *Dove v. Atl. Cap. Corp.*, 963 F.2d 15, 20 (2d Cir. 1992).

2

Here, Messi seeks a protective order under Rule 26 precluding his deposition by Prime. Prime scheduled this deposition before taking any other deposition in this case. Messi has filed a sworn declaration attesting that he lacks unique or personal knowledge of the claims at issue, and that any information he has can be more easily obtained from other witnesses. *See* Dkt. 74 ("Messi Decl."). Given that, and the significant demands on his time presented by his soccer schedule and other commitments, Messi argues, a deposition at this stage of the litigation would be unduly burdensome. He further argues that Prime's timing—seeking Messi's deposition before taking any other, even though his liability is substantially alleged to be derivative of Mark Anthony's—supports that Prime noticed the deposition to harass and pressure him, not to advance the truth-seeking function for which depositions are intended.

Prime makes two arguments in response.

First, it argues that Messi's deposition would not present a threat of harassment and undue burden of the sort covered by the "apex witness" doctrine, pursuant to which some district courts have shielded top-ranking executives from depositions for which their testimony was found unnecessary and vexatious. *See* Prime Br. at 1–2; *see also GMO Gamecenter USA, Inc. v. Whinstone US, Corp.*, No. 22 Civ. 5974, 2024 WL 3833882, at *4 (S.D.N.Y. Aug. 14, 2024) ("Under [the apex witness] doctrine, absent a showing that the executive sought to be deposed has unique evidence, personal knowledge of the claims at issue, and other witnesses incapable of providing testimony about the conduct alleged, the executive is generally safeguarded from being deposed." (citation omitted)); *Iowa Pub. Emps' Ret. Sys. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, No. 17 Civ. 6221, 2020 WL 6273396, at *1 (S.D.N.Y. Aug. 28, 2020) ("Courts have recognized an additional layer of protection for senior corporate executives subject to depositions."); *Chang v. Mizuho Sec. USA LLC*, No. 21 Civ. 3874, 2024 WL 3824101, at *2

3

(S.D.N.Y. Aug. 15, 2024) (doctrine "insulates high-level company witnesses from testifying unless the party seeking their testimony establishes that the witness: (1) has unique, non-repetitive, firsthand knowledge of the facts at issue; and (2) that other less intrusive means have been exhausted without success."). Unlike in the paradigm case under the apex witness doctrine, Prime argues, Messi is not a business executive and does not exercise oversight of a corporation. Prime Br. at 2.

Prime's argument is uncommonly unpersuasive. Although the apex witness doctrine has developed primarily in cases in which depositions were sought of business leaders, it is animated by broader principles. Specifically, it reflects the reality that depositions of high-profile or high-ranking busy individuals with exceptional demands on their schedules present a heightened risk of abuse or harassment, of the sort that Rule 26 expressly guards against. *Compare Harapeti v. CBS Television Stations Inc.*, No. 21 Misc. 680 (PAE), 2021 WL 3932424, at *2 (S.D.N.Y. Sept. 2, 2021) (senior executive), *with Marisol A. v. Giuliani*, No. 95 Civ. 10533, 1998 WL 132810, at *2 (S.D.N.Y. Mar. 23, 1998) (high-ranking government official), *and Bouchard v. New York Archdiocese*, No. 4 Civ. 9978, 2007 WL 2728666, at *3 (S.D.N.Y. Sept. 19, 2007) (cardinal in the Catholic Church); *see also, e.g., Scott v. Chipotle Mexican Grill, Inc.*, 306 F.R.D. 120, 122 (S.D.N.Y. 2015) ("The principle behind [the apex witness doctrine] is Rule 26(b)(2), which limits discovery that is unreasonably cumulative or is obtainable from a 'more convenient, less burdensome, or less expensive' source." (quoting Fed. R. Civ. P. 26(b)(2))).

Those Rule-based concerns, the Court finds, are undoubtedly present here. Messi is one of the world's most famous athletes. And his public stature makes him an obvious target for harassment by a vexatious litigation counterparty. Messi Decl. ¶¶ 3–5. Messi is a star player for Inter Miami CF ("Inter Miami"), a Major League Soccer ("MLS") team, and the Argentinian

4

national team. *Id.* ¶ 3. He captained Argentina to the World Cup in 2022, and he has won, among other major honors, four UEFA Champions League titles. *Id.* ¶ 4. He has been awarded the Ballon d'Or, the most prestigious individual prize in soccer, eight times. *Id.* The demands on his time are, unsurprisingly, formidable. Messi attests that he is required to appear in MLS matches every three to four days until October 2025 and for the Argentinian national team in September 2025, in addition to traveling for those games, training, rehabilitation, and other team events. *See id.* ¶¶ 24–27. By their nature, these commitments cannot readily be rearranged. *See id.* ¶¶ 26, 30. And, he attests, a deposition would be highly disruptive to those commitments. *Id.* Messi has thus adequately supported his claim that the deposition would present a heavy burden on him.

Second, Prime argues that even if a deposition of Messi would be burdensome, that is outweighed by its capacity to provide unique information relevant to its claim. Prime Br. at 2–3. That, too, is wrong—and clearly so. Messi has attested that he lacks unique knowledge about the matters alleged by Prime in this case. *See* Messi Decl. ¶ 22.[1] Messi has also attested, as is intuitively credible, that he was *not* among the decision-makers as to the design of the trade dress for MÁS. *Id.* ¶¶ 19–21; *see also* Dkt. 75 ("Abelló Decl.") ¶¶ 10–11; Dkt. 76 ("Trapé Decl.") ¶ 9. He has further attested that his commercial and marketing manager, Pablo Negre Abelló, and/or his advisor Montserrat Trapé, were present at every meeting that Messi attended concerning MÁS. *See* Abelló Decl. ¶¶ 12–18; Trapé Decl. ¶¶ 10, 13. Abelló and Trapé would therefore be far more convenient sources of testimony about the information that Messi possesses. Prime, however, has tellingly not deposed Abelló or Trapé to date. *See* Messi Reply at 1. Nor has

---

[1] The marketing materials cited by Prime do not support that Messi has unique knowledge bearing on Prime's claims in this litigation. Prime Br. at 1 (citing Ex. 1). Viewed with realism and in context, they simply reflect his enthusiasm about the launch of MÁS.

5

Prime provided a coherent basis for seeking to depose Messi before these witnesses. Thus, the Court finds, a deposition of Messi at this stage is likely to yield no incremental benefit above the depositions of alternative (and more readily available) witnesses.

The Court therefore grants Messi's motion for a protective order, precluding the July 28, 2025 deposition. The Court finds Prime's bid to schedule Messi's deposition at this stage of the litigation to be vexatious and improper.

This order is without prejudice to Prime's right to seek court leave to schedule a deposition of Messi towards the end of fact discovery. The Court, however, will not authorize such a deposition except upon a concrete showing that Messi possesses unique information.

The Court respectfully directs the Clerk of Court to terminate the motion pending at docket 78.

SO ORDERED.

                                                   *Paul A. Engelmayer*
                                                   PAUL A. ENGELMAYER
                                                   United States District Judge

Dated: July 23, 2025
       New York, New York