UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARK ANTHONY INTERNATIONAL SRL,
MARK ANTHONY BRANDS INTERNATIONAL
UNLIMITED COMPANY, *and*
MAS+ NEXT GENERATION BEVERAGE CO.,

                          Plaintiffs,

        -v-

PRIME HYDRATION, LLC,

                          Defendant.

---

PRIME HYDRATION, LLC,

                          Counterclaimant,

        -v-

MARK ANTHONY INTERNATIONAL SRL,
MARK ANTHONY BRANDS INTERNATIONAL
UNLIMITED COMPANY, MAS+ NEXT
GENERATION BEVERAGE CO., LIONEL MESSI,
BOLVIR, LLC, *and* LMGM, SLU,

                          Counterclaim Defendants.

24 Civ. 7620 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

       The Court has reviewed the parties' letters arising from the application by defendant Prime Hydration, LLC for a 45-day extension of the September 12, 2025 deadline for the completion of fact discovery, and a consequent extension of the ensuing deadlines in this case. *See* Dkts. 87, 89, 90, 93, 94, 96. The Court denies the application for an extension of these deadlines. To be sure, from the parties' letters, it is apparent that there are discrete open discovery items as to which additional time after September 12 will be needed, and it appears

that the parties generally have made or are making arrangements to complete discovery promptly with respect to those items. However, the Court is unpersuaded that there is a need to extend the existing schedule, in which expert discovery will remain ongoing through January 9, 2026. The Court expects the parties to proceed *with dispatch* to complete the outstanding discovery items. The Court does not anticipate the need to resolve disputes as to these outstanding items, but if so, these can be resolved on an individualized basis.

The parties have also moved to seal limited portions of their letters regarding defendant's extension request, as well as certain exhibits attached thereto, because they contain commercially sensitive and proprietary information. Dkts. 89, 93. The parties publicly filed redacted versions of these materials. Dkts. 91, 95, 97. The Court finds that sealing as to these narrowly tailored excerpts and exhibits is necessary to protect commercially sensitive information, *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006), and therefore grants the parties' motions to seal.

The Clerk of Court is respectfully directed to terminate the motions pending at dockets 87, 89, and 93.

SO ORDERED.

*Paul A. Engelmayer*
_____
PAUL A. ENGELMAYER
United States District Judge

Dated: September 11, 2025
      New York, New York